UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLA SHIFLETT,

Plaintiff, CASE NO.:

-VS-

CREDIT PROTECTION ASSOCIATION, L.P.,

Defendant.
_______________________________/

**COMPLAINT**

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

**INTRODUCTION**

2. The TCPA was enacted to prevent companies like CREDIT PROTECTION ASSOCIATION, L.P. (hereinafter "CPA") from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

7. The alleged violations described in the Complaint occurred in Pasco County, Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida

9. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

10. Plaintiff is an "alleged debtor."

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

12. Defendant, CPA, is a corporation with its principal place of business at 13355 Noel Rd, Suite 2100, Dallas, TX 75380 and conducting business in the state of Florida through its registered agent, CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

13. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

14. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692(a)(5).

15. CPA called the Plaintiff approximately one hundred and fifty (150) times since February 1, 2015, in an attempt to collect a debt.

16. CPA attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

17. CPA intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

18. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line.

19. Each call CPA made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

20. Each call CPA made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

21. Beginning on or about February 1, 2015, Plaintiff began receiving a tremendous amount of automated calls from CPA to her cellular telephone (***) ***-6956 attempting to collect on an outstanding debt originating from a Brighthouse account.

22. On several occasions Plaintiff attempted to answer a call from CPA but was unable to reach a live agent to speak to as upon answering, she was directed to an automated system and her attempts to reaching an agent were fruitless.

23. On May 28, 2015, having grown tired of the incessant automated calls, Plaintiff called into CPA and spoke to a live agent and informed said agent she was tired of CPA's calls to her phone and wanted them to stop.

24. On or about May 30, 2015, after the calls from CPA had not slowed or abated, Plaintiff called into CPA again and instructed another agent of CPA that she once more wished for the calls to stop.

25. Due to the tremendous volume of automated calls Plaintiff received from CPA she was not able to catalogue each and every call, however attached hereto as Exhibit "1" is a small sampling of the call onslaught that CPA subjected Plaintiff to.

26. CPA has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

27. CPA has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or CPA, to remove the number.

28. CPA'S corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to CPA that they wish for the calls to stop.

29. CPA has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

30. CPA has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

31. According to the Consumer Financial Protection Bureau (www.consumerfinance.gov), since August 28, 2013, CPA has had 51 complaints alleged against it under the category of "Communication Tactics" which includes the Sub-Issue of "Frequent or repeated calls" (Attached hereto as Exhibit "2").

32. CPA has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

33. A very small sampling of online complaints regarding one of the numbers CPA autodialed Plaintiff from is attached hereto as Exhibit "3."

34. CPA'S corporate policy provided no means for the Plaintiff to have her number removed from the call list.

35. CPA has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

36. Plaintiff did not expressly consent to CPA'S placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to CPA'S placement of the calls.

37. None of CPA'S telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

38. CPA willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
**(Violation of the TCPA)**

39. Plaintiff incorporates above paragraphs one (1) through thirty-eight (38) herein.

40. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that she wished for the Defendant to stop calling Plaintiff.

41. CPA repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CPA for statutory damages, punitive damages, actual damages, treble damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
**(Violation of the FCCPA)**

42. Plaintiff incorporates above paragraphs one (1) through thirty-eight (38) herein.

43. At all times relevant to this action CPA is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

44. CPA has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

45. CPA has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

46. CPA'S actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against C[A for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT III**
**(Violation of the FDCPA)**

47. Plaintiff incorporates above paragraphs one (1) through thirty-eight (38) herein.

48. At all times relevant to this action CPA is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

49. CPA has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

50. CPA has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

51. CPA has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CPA for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
TGomez@forthepeople.com
Florida Bar #: 0338620
Attorney for Plaintiff